IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VANCE BAKER,
    Petitioner,

v.

WARDEN DAVID EBBERT,
    Respondent.

3:14-CV-944

(Judge Mariani)

**MEMORANDUM**

On May 16, 2014, Petitioner, Vance Baker, an inmate currently confined at the United States Penitentiary, Canaan, in Waymart, Pennsylvania filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 2002 federal sentence from the United States District Court for the Eastern District of New York. (Doc. 1). Baker has paid the filing fee. For the following reasons, the habeas petition will be transferred to the Eastern District of New York.

I. **Background**

On July 29, 1998, Baker was convicted in the United States District Court for the Eastern District of New York of conspiracy to commit murder with intent to obstruct justice, in violation of 18 U.S.C. § 371 (count 1); murder with intent to obstruct justice, in violation of 18 U.S.C. § 1512(a)(1) (count 2); conspiracy to use a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o) (count 3); use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (count 4); and, possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) &

924(a)(1)(B) (count 6). See United States v. Baker, et al., 262 F.3d 124, 125 (2nd Cir. 2001); United States v. Baker, No. 9:97-cr-00877 (E.D.N.Y.) at (Doc. 118). After trial, Baker pled guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. *Id.* He was sentenced to life imprisonment for murder, conspiracy to commit murder, and conspiracy to use a firearm; forty-six (46) months for conspiracy to defraud the United States, concurrent; sixty (60) months for use of a firearm, consecutive; seventy-eight (78) months for possession of a firearm with an obliterated serial number, concurrent; and he was ordered to pay restitution to the New York City Human Resources Administration in the amount of $1,926,576. *Id.* The charges relate to the killing of Dr. Daniel Hodge in connection with a Medicaid fraud scheme devised by Baker and his mother. *Id.*

On direct appeal, Baker argued that the District Court "improperly invaded the secrecy of the jury's deliberations and improperly dismissed one of the jurors after the deliberations had begun"; and, that "the district court was precluded from sentencing [] [him] to the term of life imprisonment authorized for murder to obstruct justice because on the murder count the district court failed to charge the jury on the essential elements of murder under section 1512(a)(1), charging only on the essential elements of the lesser included offense of using physical force under section 1512(b)." *Baker*, 262 F.3d at 126. On August 15, 2001, the Second Circuit Court of Appeals rejected Baker's first argument, but found merit in his second argument. *Id.* The appellate Court therefore vacated the judgment of

conviction and remanded to the District Court for re-sentencing. *Id.* at 133-34.

The District Court issued an amended judgment on September 23, 2002. *See United States v. Baker*, No. 9:97-cr-00877 (E.D.N.Y.) at (Doc. 280). Baker was sentenced to five (5) years imprisonment on conspiracy to commit murder with intent to obstruct justice (count 1); ten (10) years imprisonment on murder with intent to obstruct justice (count 2); twenty (20) years imprisonment on conspiracy to use a firearm during and in relation to a crime of violence (count 3); five (5) years imprisonment on use of a firearm during and in relation to a crime of violence (count 4); five (5) years imprisonment on possession of a firearm with an obliterated serial number (count 6); and, five (5) years imprisonment on conspiracy to defraud the United States. *Id.* All counts were to run consecutively, for a total of fifty (50) years imprisonment. *Id.* Additionally, he was ordered to pay restitution in the amount of $1,926,576. *Id.*

On October 31, 2005, Baker filed a motion "Under 60B Newly Discovered Evidence." *See United States v. Baker*, No. 9:97-cr-00877 (E.D.N.Y.) at (Doc. 290). On January 27, 2006, the District Court denied the motion and determined that the filing appeared to be a motion pursuant to 28 U.S.C. § 2255. *Id.* at (Doc. 294). The Court denied the motion without prejudice to Baker's right to convert the motion to a properly filed motion under section 2255. *Id.* It does not appear that Baker re-filed the motion under section 2255; rather, he filed an appeal to the Second Circuit Court of Appeals. *Id.* at (Doc. 296). On

February 27, 2007, the Second Circuit Court of Appeals denied the appeal. *Id.* at (Doc. 301).

Baker then filed a motion to reduce sentence on May 19, 2014. *Id.* at (Doc. 302). On June 4, 2014, the District Court again determined that Baker's motion should properly be filed as a habeas corpus petition under 28 U.S.C. § 2255. *Id.* at (Doc. 303). The Court granted Baker sixty (60) days to advise the Court whether he wished to have his motion construed as one under 28 U.S.C. § 2255. *Id.*

On May 16, 2014, Baker filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. (Doc. 1).

## II. Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. Discussion

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." *Fraser v. Zenk*, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), *citing United States v. Hayman*, 342 U.S. 205, 210-19 (1952).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *O'Kereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Yuzary v. Samuels*, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002)). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

stringent gatekeeping requirements of the amended § 2255." *Id.* Section 2255 may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." *Id.*, *citing Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.").

Baker claims, *inter alia*, that his sentence should be vacated because he is actually innocent and he is being detained for conduct that has been rendered noncriminal by an intervening change in the law. (Doc. 1) (citing *In re Dorsainvil*, 119 F.3d 245). In *Dorsainvil*, the court held that a federal prisoner barred from using a section 2255 motion under the AEDPA standards for successive motions could resort to a section 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *In re Dorsainvil*, 119 F.3d at 251. The court stressed that the holding was a "narrow one" based on the unusual circumstances presented in the case. *Id.* at 251-52. In the present matter, Baker has not been barred from pursuing a motion under section 2255 in the sentencing court. Moreover, he has not yet filed a section 2255 habeas petition in the sentencing court. The Eastern District of New

6

York has afforded Baker two opportunities to file a proper motion under section 2255. Pursuant to the June 4, 2014 Order of the Eastern District of New York, Baker has sixty (60) days to inform the Court whether he wishes to convert his motion to a section 2255 petition. See United States v. Baker, No. 9:97-cr-00877 (E.D.N.Y.) at (Doc. 303).

Baker further argues that section 2255 is inadequate or ineffective based on the Supreme Court's decision in Fowler v. United States, 131 S. Ct. 2045 (2011). (Doc. 1). Pursuant to Fowler, for the government to secure a conviction under 18 U.S.C. § 1512(a)(1)(C), which makes it a crime "to kill another person, with intent to . . . prevent the communication by any person to a law enforcement officer . . . of the United States" of "information relating to the . . . possible commission of a Federal offense," it must show that there was a reasonable likelihood that the relevant communication would have been made to a federal officer. Fowler, 131 S. Ct. 2045. See also United States v. Tyler, 732 F.3d 241, 248-49 (3d Cir. 2013).

Baker also argues that Arthur Andersen LLP v. United States, 544 U.S. 696 (2005), has rendered his conduct noncriminal. (Doc. 1). In Arthur Anderson, the Supreme Court held that the government was required to prove a "nexus" between the defendant's attempts to persuade another to destroy documents and a pending or foreseeable official proceeding. Arthur Anderson, 544 U.S. at 707-08. See also Tyler, 732 F.3d at 249-50.

A determination as to whether Baker is actually innocent of obstruction of justice

murder following the Supreme Court's decisions in *Fowler* and *Arthur Anderson* requires an examination of the evidence adduced at trial, which in Baker's case was approximately two (2) weeks long. The sentencing court is therefore in the best position to make such a determination.

As Baker is ultimately challenging his conviction and sentence from the United States District Court for the Eastern District of New York, and he has not filed a section 2255 habeas petition in the sentencing court, his claims must be raised under 28 U.S.C. § 2255. Accordingly, the instant petition will be transferred to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...").

## IV. Conclusion

Upon review, this Court does not have jurisdiction to entertain the habeas petition. Baker's claims are governed by 28 U.S.C. § 2255 and must be filed in the court of conviction, which is the United States District Court for the Eastern District of New York. Therefore, the habeas petition will be transferred to the Eastern District of New York.

An appropriate Order follows.

Date: June 24, 2014

Robert D. Mariani
United States District Judge